## LANCER v. ANCHOR LINE (HENDERSON BROS.), Limited.

(District Court, S. D. New York. July 15, 1907.)

COMMERCE—CARRIERS—FEDERAL EMPLOYER'S LIABILITY ACT.

The federal employer's liability act of June 11, 1906 (34 Stat. 232, c. 3073), relating to the liability of common carriers engaged in commerce between the states, and between the states and foreign nations, to their employés, is within the constitutional power of Congress to regulate interstate and foreign commerce, and applies to carriers engaged in foreign commerce by sea, making such a carrier liable for an injury to an employé resulting from the negligence of his fellow servants.

In Admiralty.

Wilford H. Smith, for libellant.

E. Sidney Berry, for respondent.

Percy S. Dudley, for Hamburg-American Line by permission of court.

ADAMS, District Judge. This action was brought by Patrick Lancer, employed by the respondent on the 29th of October, 1906, to assist in the discharge at New York of its steamship Columbia and who received personal injuries while so engaged. There is no dispute about the fact of the injury having been received as alleged. It appears that the libellant had been at work with others in taking out a cargo of canned fish for a short time from No. 5 hatch, which was about 12 feet square. He was necessarily working in the square of the hatch in slinging up the cargo, when a draft fell back and struck him. This was caused by the draft coming into contact with a skid about 10 feet in length, which was placed between the upper and main decks to prevent the drafts from swinging beyond the square of the hatch. It was placed inside of the hatch and as the draft ascended it struck the lower edge of the skid just below the main deck and caused the draft to become loosened and fall into the hold striking the libellant a severe blow, resulting in the injury complained of. The cause of the trouble was the placing of the skid by fellow workmen inside instead of outside of the hatch, where it would have been as effective in serving its purpose of confining the uplifted load to the inside of the hatch. The accident was therefore attributable to the negligence of fellow servants. The libellant recognizes this situation but claims a right to recover under the provisions of the Act of Congress, approved June 11, 1906 (34 Stat. 232, c. 3073), known as the "Employer's Liability Act," which provides, inter alia:

"Be it enacted * * * that every common carrier engaged in trade or commerce in the District of Columbia, or in any territory of the United States, or between the several states, or between any territory and another, or between any territory or territories and any state or states, or the District of Columbia, or with foreign nations, or between the District of Columbia and any state or states or foreign nations, shall be liable to any of its employés, * * * for all damage which may result from the negligence of any of its officers, agents or employés."

The answer amounts to a general denial and at the conclusion of the trial upon the merits, the libellant reserved the right to adduce proof to show the facts alleged in the first three paragraphs of the libel, but since the trial the parties have stipulated that these may be taken as true. The principal matter covered so far as the present discussion is concerned, is that referring to the respondent being engaged in trade and commerce between the United States and foreign countries, which relates to the constitutionality of the act above referred to. This was disputed in the pleadings but the plaintiff's allegations in that respect were subsequently stipulated to be true. The respondent contends:

1. That the injury was the result of a simple accident, the cause of which was not explained and that therefore there could be no recov-

ery. The theory urged is that the position of the skid was not the efficient cause of the accident, which has not been shown.

I think it is quite clear that the skid being on the inside instead of the outside of the hatch was the proximate cause of the accident. If it had been placed outside of the hatch, in all probability, the draft would have gone safely to the deck.

2. That the libellant can not recover under the Federal Employer's Liability Act because he has not by his pleading or proof brought his action within the terms of the Act.

With respect to the pleading, while it is true that no specific allusion is made to the act, yet it is fully set forth that the injury was caused by negligence and that he notified the defendant that he would claim the benefit of the act. The proof is ample to show that the respondent was negligent through the libellant's fellow servants, for whose acts the respondent was made liable by the provisions of the said act. If it was a constitutional exercise of Congressional power, there can be no doubt of the libellant's right to recover.

The question of the constitutionality of the Act has been discussed in several authorities and different conclusions reached. For example, in Brooks v. Southern Pac. Co. (C. C.) 148 Fed. 986, decided by Evans, J., December 31, 1906, the act was declared invalid and the representative of a fireman who was killed through the negligence of his fellow servants in a railroad accident was held not entitled to recover. On the other hand, in the case of Spain v. St. Louis & S. F. R. Co. (C. C.) 151 Fed. 522, decided March 13, 1907, it was held by Trieber, J., that the presumption of validity will be indulged in until the contrary is shown and that Congress has power under the commerce clause of the constitution to legislate for the safety and protection of employés engaged in interstate commerce, whether the transportation be on water or on land.

Both of the opinions are well reasoned out. In the latter it is said if there ever were any doubt as to the power of Congress to enact such legislation it was removed by what was decided in Patterson v. Bark Eudora, 190 U. S. 169, 175, 23 Sup. Ct. 821, 47 L. Ed. 1002. It was there contended that even if the contract were under the police power, that power is vested in the state and not in the general government, but Mr. Justice Brewer said in holding the Act constitutional:

"Neither do we think there is any trespass on the rights of the states. No question is before us as to the applicability of the statute to contracts of sailors for services wholly within the state."

Judge Trieber said (page 527 of 151 Fed.) that:

"The expression of the court that contracts with sailors for their services are exceptional in their character and may be subjected to special restrictions for the purpose of securing the full and safe carrying on of commerce on the water must be understood to refer solely to the propriety of the legislation and not the power, for no one will contend now that the commerce clause of the constitution grants greater power to Congress over the commerce carried on by water than over that transported by land."

I quite agree with Judge Trieber in his various arguments and it should be further noted that other expressions in the opinion of the

Supreme Court are applicable to this case. It was said (on page 174 of 190 U. S., page 822 of 23 Sup. Ct. [47 L. Ed. 1002]):

"That there is generally speaking, a liberty of contract which is protected by the Fourteenth Amendment, may be conceded, yet such liberty does not extend to all contracts. As said in Frisbie v. United States, 157 U. S. 160, 165, 15 Sup. Ct. 586, 39 L. Ed. 657:

'While it may be conceded that, generally speaking, among the inalienable rights of the citizen is that of liberty of contract, yet such liberty is not absolute and universal. It is within the undoubted power of government to restrain some individuals from all contracts, as well as all individuals from some contracts. It may deny to all the right to contract for the purchase or sale of lottery tickets; to the minor the right to assume any obligations, except for the necessaries of existence; to the common carrier the power to make any contract releasing him from negligence, and, indeed, may restrain all engaged in any employment from any contract in the course of that employment which is against public policy. The possession of this power by government in no manner conflicts with the proposition that, generally speaking, every citizen has a right freely to contract for the price of his labor, services, or property.'"

I conclude that the act was constitutional and the libellant is entitled to recover. There will, therefore, be a decree for him, with an order of reference.